# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENWOOD DIVISION

| | |
|---|---|
| Mitchell Bedenbaugh, individually and on behalf of all other similarly-situated individuals,<br><br>                         Plaintiff,<br>v.<br><br>Kiswire, Inc.<br><br>                         Defendant. | C/A No.: _____<br><br>**COMPLAINT**<br>**(Violation of FLSA)**<br>**JURY TRIAL DEMANDED** |

Plaintiff Mitchell Bedenbaugh ("Plaintiff"), complaining of Defendant Kiswire, Inc., would respectfully show unto this Honorable Court as follows:

## NATURE OF THE ACTION

1.     Plaintiff was a warehouse employee for Defendant Kiswire and consistently worked over 40 hours a week but was not paid a premium for his time over 40 hours a week. Defendant willfully and intentionally mischaracterized Plaintiff and other similarly situated persons as supervisors exempt from overtime pay for any hours worked above 40 hours to avoid paying time a half as required by the Fair Labor Standards Act ("FLSA"). This is an action brought individually and as a collective action for unpaid overtime compensation, liquidated damages, attorney's fees, and for other relief under the FLSA. The collective action provisions under the FLSA provide for opt-in class participation.

2.     This action arises out of Plaintiff's employment with Defendant.

## PARTIES, JURISIDICTION, & VENUE

3.     Plaintiff Mitchell Bedenbaugh is a resident of Richland County, South Carolina.

1

4. Defendant Kiswire, Inc. is a South Carolina corporation with its principal place of business in Newberry County, South Carolina.

5. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

7. Defendant is a manufacturer of steel cord which is used in tire production, among other things.

8. Defendant hired Plaintiff around 2012, and Plaintiff has worked on and off for Defendant since that time.

9. Most recently, Defendant hired Plaintiff in 2019 as an Operator. Shortly thereafter, Defendant changed Plaintiff's job title to Lead Man.

10. On or about June 23, 2019, Defendant changed Plaintiff's job title to Supervisor.

11. Though Plaintiff has consistently worked in excess of 80 hours biweekly, Defendant did not pay Plaintiff time-and-a-half on hours over forty a week from June 23, 2019, until on or about March 19, 2025.

12. Even with the job title of Supervisor, from June 23, 2019, until about February 28, 2025, Plaintiff's primary responsibility remained working manually on machines producing fine wire. Very little of his job involved any actual supervision of other employees. The vast majority of Plaintiff's time and efforts were physical labor to manufacture products for Defendant.

13. From June 23, 2019 until about February 28, 2025, Plaintiff's primary duty was not the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers.

14. Defendant paid Plaintiff an annual salary of $41,349.88 and paid him straight time (not time and a half) for work over 80 hours a week biweekly.

15. Plaintiff remains in the job title of Supervisor at the time of filing this lawsuit.

16. Plaintiff received merit-based and annual pay increases during his employment. His current salary since January 1, 2025, is $58,580.08 per year.

17. Defendant moved Plaintiff back to operating machines on or about March 17, 2025, and finally began paying time-and-half for hours worked over 40 a week.

18. From June 23, 2019, when Plaintiff was given the job title of Supervisor, to the time of filing, he has consistently worked far in excess of 80 hours biweekly and not been paid time and a half for hours over 40 per week.

19. Plaintiff has raised the issue of his being denied time-and-a-half for overtime to Defendant repeatedly.

20. Upon information and belief, Defendant paid other employees in the same manner, refusing to pay non-exempt employees time and a half for their overtime work.

21. In 2019, when Plaintiff realized his pay with his new title of Supervisor would be less than his pay as Lead Man despite his overtime, he complained to the Plant Manager but no change was made.

22. On or about November 2024, Plaintiff reached out to the new Plant Manager, Raymond Swinford, requesting payment of overtime of time-and-a-half because his primary duty was operating machines. Swinford offered a raise but declined

to approve payment of time-and-a-half overtime.

23. Plaintiff spoke with Swinford again in January 2025. Swinford again declined to approve payment of time-and-a-half overtime.

24. On or about May 7, 2025, Plaintiff contacted Human Resources Manager Mike Smith about the time-and-a-half overtime he should have been paid from about June 23, 2019 to that time.

25. Plaintiff is pursuing this action against Defendant as a Collective Action under FLSA Section 216(b), on behalf of himself and all other Class Members that work or worked for Defendant during the relevant period and who were misclassified as exempt from overtime pay under the FLSA.

26. Plaintiff and the Class Members are similarly situated because (i) each worked for Defendant during the relevant period; (ii) each were misclassified by Defendant as exempt supervisors during the relevant period; and (iii) each were not paid any overtime compensation by Defendant for hours worked for Defendant over 40 a week during the relevant period.

27. Plaintiff's damages are substantially similar to the other Class Members because, under the FLSA (i) each is now owed a return of time and a half compensation for each hour worked over 40 in a week for Defendant during the relevant period.

28. On information and belief, more than fifty (50) Class Members work or worked for Defendant as misclassified nonexempt workers nationwide during the relevant period.

29. On information and belief, Defendant is in custody, possession, and control of identifying records relating to all Class Members.

## **FOR A FIRST CAUSE OF ACTION**
Fair Labor Standards Act – Unpaid Overtime
(Individual and Collective Action, 29 U.S.C. § 201, et seq.)

30. Plaintiff repeats and realleges each and every allegation of the foregoing paragraphs as if restated herein verbatim.

31. Defendant employed Plaintiff and members of Plaintiff class as non-exempt workers during the time periods relevant to this Complaint.

32. Defendant is a covered employer within the meaning of the FLSA, as it is an enterprise engaged in commerce or the production of goods for commerce within the meaning of the FLSA.

33. Throughout Plaintiff's employment, Defendant required Plaintiff to work in excess of 40 hours per workweek without compensating Plaintiff for such hours worked in excess of 40 at a rate of not less than one and one-half times Plaintiff's regular rate of pay in violation of Section 7(a) of the Fair Labor Standards Act. failing to pay the requisite time-and-a-half overtime compensation to employees who worked more than 40 hours in a workweek, in violation of 29 U.S.C. § 207.

34. Defendant also required members of Plaintiff class to work in excess of 40 hours per workweek without compensating them for such hours worked in excess of 40 at a rate of not less than one and one-half times Plaintiff's regular rate of pay in violation of Section 7(a) of the Fair Labor Standards Act.

35. Defendant knew it had a duty to pay Plaintiff and members of Plaintiff class overtime wages required by the Fair Labor Standards Act and, upon information and belief, this is not the first time Defendant has failed to pay an employee overtime wages, as required under the Fair Labor Standards Act.

36. Defendant's failure and/or refusal to pay Plaintiff and members of Plaintiff class the overtime wages required when it knew Plaintiff was working overtime hours was a willful violation of the Fair Labor Standards Act within the meaning of 29 U.S.C. § 255(a).

37. As a direct result of Defendant's actions, which Plaintiff contends were willful in nature, Plaintiff and members of Plaintiff class are entitled to an award against Defendant for actual, compensatory and punitive damages, including both back pay and liquidated damages, along with attorneys' fees and costs related to this action and any pre-judgment interest.

38. Plaintiff and members of Plaintiff class are entitled to damages in the amount of their unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interest and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

39. The work and pay records of Plaintiff and members of Plaintiff class are in the possession, custody, and/or control of Defendant and Defendant is under a duty pursuant to Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and pursuant to regulations of the United States Department of Labor to maintain and preserve such payroll and other employment records from which the amount of Defendant's liability can be ascertained. Plaintiff requests an order from this Court requiring Defendant to preserve such records during the pendency of this action.

## **PRAYER FOR RELIEF**

Therefore, Plaintiff respectfully request that this Court grant the following relief:

    a.    An order tolling the relevant statutes of limitations;
    b.    An order declaring that Defendant violated the FLSA;

    c.    An award of unpaid overtime wages due under the FLSA
    d.    An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay overtime wages;
    e.    An award of prejudgment and post-judgment interest;
    f.    An award of costs and expenses of this action together with attorney's fees;
    g.    Such other and further relief and this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Respectfully submitted,

s/Jack E. Cohoon
Jack E. Cohoon (Fed. Bar No.: 9995)
Sarah J.M. Cox (Fed. Bar No.: 13166)
BURNETTE SHUTT & MCDANIEL, PA
Post Office Box 1929
Columbia, South Carolina 29202
Tel. (803) 904-7914
Fax (803) 904-7910
JCohoon@BurnetteShutt.Law
SCox@BurnetteShutt.Law

**ATTORNEYS FOR PLAINTIFF**

Columbia, South Carolina

May 30, 2025